UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

| | |
|---|---|
| RONNIE STRONG, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER**<br>11-CV-5506 (MKB) (ARL) |
| v. | |
| UNITED CEREBRAL PALSY ASSOCIATION<br>OF NASSAU COUNTY, INC., | |
| Defendant. | |

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On September 8, 2011, Plaintiff Ronnie Strong commenced the above-captioned action against Defendant United Cerebral Palsy Association of Nassau County, Inc. in the Supreme Court of the State of New York, Suffolk County. On November 10, 2011, Defendant removed the case to this Court. Plaintiff's Complaint asserts claims of discrimination and hostile work environment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the New York State Constitution. (Compl., Docket Entry No. 1.) Currently before the Court is Magistrate Judge Arlene Lindsay's Report and Recommendation ("R&R") to dismiss this action pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts the R&R in its entirety.

In January of 2013, the Court was notified that Plaintiff's counsel, Jerry Mims, had been suspended from the practice of law and would no longer be able to represent Plaintiff. (Jan. 2, 2013 Letter from Defense Counsel, Docket Entry No. 22.) The Court directed Mr. Mims to provide the Court with Plaintiff's current address and indicated that a conference would be scheduled after Plaintiff obtained new counsel. (Docket Entry No. 23.) Plaintiff's counsel was

never formally substituted, and new counsel never appeared on his behalf.

By letter dated April 19, 2013, counsel for Defendant notified the Court that Plaintiff was deceased. (Docket Entry No. 24.) Upon receipt of the letter, the Court directed the parties to proceed in accordance with Rule 25 of the Federal Rules of Civil Procedure. (July 10, 2013 Minute Entry.) No action was taken for ninety days, and in October of 2013, the Court requested a status report. (Oct. 1, 2013 Minute Entry.) On October 8, 2013, counsel for Defendant filed a letter indicating that it would be moving to dismiss the action pursuant to Rule 25. (Docket Entry No. 25.)

Despite its letter, Defendant never moved to dismiss. Instead, during the period from October 8, 2013 to the present, the Court requested a series of status reports, (Feb. 12, 2014 Minute Entry; Dec. 15, 2014 Minute Entry), and defense counsel filed a series of letters regarding various procedural questions related to the motion to dismiss, (Feb. 19, 2014 Letter from Defense Counsel, Docket Entry No. 26; May 7, 2014 Minute Entry; Dec. 19, 2014 Letter from Defense Counsel, Docket Entry No. 27; Jan. 14, 2015 Minute Entry; Aug. 6, 2015 Letter from Defense Counsel, Docket Entry No. 31). On September 9, 2015, Judge Lindsay issued the R&R recommending that the Court dismiss this action pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. (Docket Entry No. 32.) No objections were filed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States*

2

*v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Judge Lindsay's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1) and dismisses this action in its entirety.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: October 13, 2015
       Brooklyn, New York